UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

AIMEE CARROTHERS, as Personal
Representative for the Estate of Alfred
Allonzo Carrothers, Deceased,

        Plaintiff,

vs.

U.S. DEPARTMENT OF VETERANS
AFFAIRS,

        Defendant.

Case No.

Hon:

---

AIELLO & ASSOCIATES, P.L.L.C.
Aaron D. Geyer (P-39889)
Attorney for Plaintiff
32411 Mound Road
Warren, Michigan 48092
(586) 303-2211

---

## COMPLAINT TO QUIET TITLE

NOW COMES the Plaintiff, Aimee Carrothers, acting in the capacity as the Personal Representative of the Estate of Alfred Allonzo Carrothers, Deceased, by and through her attorneys, Aiello & Associates, P.L.L.C. and states the following:

### GENERAL ALLEGATIONS

1. This action involves the determination of ownership of real property (the "real property" located at 608 Nebraska Avenue, Pontiac (Oakland County) Michigan 48341.

2. The real property is legally described as:

    Lot 201, Wilson Park Subdivision, OCR

1

## PARTIES

3. Plaintiff is an adult and is the appointed Personal Representative for the Estate of Alfred Alonzo Carrothers (Refer: Oakland County Probate Case No. 2019-389071-DE, assigned to the Honorable Jennifer Callaghan). A copy of her Letters of Authority are attached as Exhibit #1.

4. The Defendant, U.S. Department of Veterans Affairs is a United States governmental agency with their headquarters located at 810 Vermont Avenue NW, Washington, DC 20420.

5. The Defendant is a former title holder of the real property.

6. Alfred A. Carrothers died on January 31, 2019 and probate proceedings were commenced on May 23, 2019, identifying the decedent's interest in the real property.

7. Alfred A. Carrothers and his wife, Rosa L. Carrothers occupied the real property since March 1967.

8. On or about October 25, 1974, the Plaintiff purchased the real property from the Defendant for the sum of $13,973.14.

9. Alfred A. Carrothers paid the purchase price in full.

10. Because of an omission by the Defendant, a deed was not recorded in the Oakland County Register of Deeds.

11. For more than Fifty (50) years, the U.S. Department of Veterans Affairs has not asserted a claim of ownership of the real property.

12. For more than Fifty (50) years, Alfred A. Carrothers held himself out as the owner of the real property.

13. A recent title commitment for the property disclosed the assignment of the Land Contract to Alfred Carrothers but does not disclose the issuance of a Deed from the U.S. Department of Veterans Affairs after satisfaction of the Land Contract.

14. The failure of the U.S. Department of Veterans Affairs to execute and record a Deed has necessitated this Quiet Title action.

### Count I – Action to Quiet Title

15. The Plaintiff incorporates by reference all previously stated paragraphs as though fully set forth herein.

16. Pursuant to MCLA 600.2932(1), any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

17. The parties intended the Plaintiff would own the real property in fee simple.

18. Pursuant to the terms of the October 25, 1974 land sales agreement, Defendant agreed to sell, and Alfred A. Carrothers agreed to purchase the real property.

19. Based on information and belief, Alfred A. Carrothers paid the purchase price in full.

20. Based on information and belief, the United States Department of Veterans Affairs has never asserted that Alfred A. Carrothers did not pay the purchase price in full.

21. Through error or omission, a deed was never recorded by the U.S. Department of Veterans Affairs that conveyed their interest to Alfred A. Carrothers.

WHEREFORE Plaintiffs pray that an Order be entered that declares the Plaintiff to be the fee simple owner of the real property located at 810 Nebraska Avenue, Pontiac, Michigan 48341 together with interest, costs and attorney fees being awarded to the Plaintiff.

## Count II – Breach of Contract

22. The Plaintiff incorporates by reference all previously stated paragraphs as though fully set forth herein.

23. Pursuant to the terms of the October 25, 1974 Land Sales Agreement, the parties intended the Plaintiff would become the fee simple owner of the real property located at 810 Nebraska Avenue, Pontiac, Michigan 48341.

24. The Plaintiff tendered the consideration for the purchase of the real property that has been received by the Defendant.

25. The Defendant has breached the terms of the parties' agreement by failing to record a Deed to the real property.

WHEREFORE Plaintiffs pray that an Order be entered that declares the Plaintiff to be the fee simple owner of the real property located at 810 Nebraska Avenue, Pontiac, Michigan 48341 together with interest, costs and attorney fees being awarded to the Plaintiff.

Respectfully Submitted,

Dated: 7/25/25

AIELLO & ASSOCIATES, P.L.L.C.
Aaron D. Geyer (P39889)
Attorney for Plaintiff
32411 Mound Road
Warren, Michigan 48092
(586) 303-2211 – Tel
(586) 303-1259 - Fax

# EXHIBIT 1

Approved SCAO

JIS CODE: LET

| STATE OF MICHIGAN<br>PROBATE COURT<br>COUNTY OF OAKLAND | LETTERS OF AUTHORITY FOR<br>PERSONAL REPRESENTATIVE | FILE NO.<br>2019-389,071-DE |
|---|---|---|

Estate of Alfred Allonzo Carrothers                                                                 Deceased

To:
Name and address
Aimee Carrothers
4351 Sterling Street
Houston, TX 77051

Telephone no.
248-961-6977

You have been appointed and qualified as <u>successor personal representative(s)</u> of the estate on <u>June 11, 2025</u>
You are authorized to perform all acts authorized by law unless exceptions are specified below.                           Date

☒ Your authority is limited in the following way:
   ☐ You have no authority over the estate's real estate or ownership interests in a business entity that you identified on your acceptance of appointment.
   ☒ Other restrictions or limitations are: The Personal Representative shall not sell any real estate of the estate without further order of the Court.

☒ These letters expire: June 11, 2026
                        Date

June 11, 2025
Date

Judge Jennifer Callaghan   P57488 (formal proceedings)/Register (informal proceedings)   Bar no.

SEE NOTICE OF DUTIES ON SECOND PAGE

Attorney name (type or print)                     Bar no.

Address

City, state, zip                                 Telephone no.

I certify that I have compared this copy with the original on file and that it is a correct copy of the original, and on this date, these letters are in full force and effect.

June 17, 2025                                     Sarah J. Spencer
Date                                              Deputy register

Do not write below this line – For court use only

FILED June 11, 2025

Deputy Register of Probate

MCL 700.3103, MCL 700.3307, MCL 700.3414,
MCL 700.3504, MCL 700.3601,
MCR 5.202, MCR 5.206, MCR 5.307, MCR 5.310

PC 572 (11) LETTERS OF AUTHORITY FOR PERSONAL REPRESENTATIVE

# EXHIBIT 2

| VETERANS ADMINISTRATION<br>**SALES CLOSING STATEMENT**<br>LOAN GUARANTY DIVISION | DATE SALE CLOSED<br>October 25, 1974 | FILE NO.<br>611 14473<br>LOAN IDENTY. NO.<br>29-4-0027923 |
|---|---|---|
| NAME OF PURCHASER<br>Alfred A. Carruthers<br>*A A Carruthers*<br>1002 Temple<br>Pontiac, MI 48058<br>CLOSING HELD AT OFFICE OR (Specify)<br>Veterans Administration | | REGIONAL OFFICE<br>Detroit, Michigan |
| | ADDRESS OF PROPERTY SOLD<br>400 ??? (Oakland County)<br>Pontiac, MI 48053<br>ADDRESS AT WHICH CLOSING WAS HELD<br>802 W. Baltimore<br>Detroit, MI 48??? | |
| NAMES OF PARTIES IN ATTENDANCE AT CLOSING | | DATE AS ADJUSTMENTS HAVE BEEN COMPUTED<br>October 25, 1974 |

### SECTION A—CREDIT DUE VA

| | | | |
|---|---|---|---|
| 1 | PURCHASE PRICE | $ 13,950.00 | |
| 2 | NET ADJUSTMENT DUE VA (Transcribed from line 17) | 23.14 | |
| 3 | TOTAL (Add lines 1 and 2) | | $ 13,973.14 |

### SECTION B—CREDIT DUE PURCHASER

| | | | |
|---|---|---|---|
| | FHA ? ???????? ? ?? ?????? | | |
| 4 | DEPOSIT WITH CONTRACT OF SALE | $ 1,400.00 | |
| 5 | AMOUNT OF MORTGAGE OR BALANCE OF INSTALLMENT CONTRACT | 12,700.00 | |
| 6 | NET ADJUSTMENT DUE PURCHASER (Transcribed from line 18) | 0 | |
| 7 | TOTAL (Add lines 4, 5 and 6) | | 14,100.00 |
| 8 | AMOUNT DUE ON ACCOUNT OF PURCHASE PRICE (Line 3 minus line 7) | | ( 126.86 ) |
| 9 | LUMP SUM PAYMENT DUE TO TAX AND INSURANCE ACCOUNT | | 126.86 |
| 10 | TOTAL REMITTANCE (Add lines 8 and 9) | | 0 |

### SECTION C—ADJUSTMENTS (Show calculation)

| | | DUE VA | DUE PURCHASER |
|---|---|---|---|
| 11 | TAXES<br>VA paid/will pay 19 74 city tax,<br>$418.54 due July 1, 19 74.<br>Purchaser's prorata share due VA<br>for -0- days at $ -0- per day.<br>Included in VA Total Investment | $ 0 | $ 0 |
| 12 | SPECIAL LEVIES OR ASSESSMENTS | | |
| | VA paid/will pay 1973 county tax,<br>$ 130.11 due December 1, 1973.<br>Purchaser's prorata share due VA<br>for -0- days at $ -0- per day. | 0 | |
| 13 | Included in VA Total Investment | | |
| 14 | OTHER ITEMS | | |
| | Interest at ? % from<br>10/25/74 to 11/1/74, 7 days<br>at $ 3.3055 per day. | 23.14 | |
| 15 | TOTALS | $ 23.14 | $ 0 |
| 16 | LESS | 0 | 0 |
| 17 | NET ADJUSTMENT DUE VA (Enter on line 2 above) | $ 23.14 | |
| 18 | NET AMOUNT DUE PURCHASER (Enter on line 6 above) | | $ |

VA FORM 26-6714
AUG 1963

SUPERSEDES VA FORMS VB 4-6714, SEP 1953, AND
VB 4-6902, AUG 1956, WHICH WILL NOT BE USED.

## SECTION D—TERMS OF LOAN

| DATE OF LOAN | AMOUNT OF LOAN | INTEREST RATE | INTEREST FROM (Date) | DURATION OF LOAN YEARS AND MONTHS |
|---|---|---|---|---|
| October 25, 1974 | $12,700.00 | 9½% | October 25, 1974 | 240 months |

PAYMENTS ARE DUE: ☒ MONTHLY ☐ QUARTERLY ☐ SEMI-ANNUALLY ☐ ANNUALLY ☐ OTHER (Specify)

| PAYMENTS CONSIST OF: | PRINCIPAL & INTEREST | TAXES | INSURANCE | OTHER (Specify) | TOTAL PAYMENT |
|---|---|---|---|---|---|
| | $118.39 | $45.28 | $4.33 | $ -0- | $ 168.00 |

| DATE FIRST PAYMENT DUE | DATE FINAL PAYMENT DUE |
|---|---|
| December 1, 1974 | November 1, 1994 |

## SECTION E—CLOSING INSTRUMENTS

The undersigned sales closer has retained the following closing instruments which are to be recorded and are to be returned as indicated.

| | DATE OF INSTRUMENT | FROM VA TO |
|---|---|---|
| ☐ DEED | | |
| | TO BE RETURNED TO | |

| CHECK ONE | DATE OF INSTRUMENT |
|---|---|
| ☐ MORTGAGE | |
| | BY (Name) |
| ☐ DEED OF TRUST | |
| | TO (Name) |
| ☐ OTHER (Specify) | |

To be returned to the Veterans Administration

### ADDITIONAL CLOSING INSTRUMENTS

The undersigned sales closer has also retained the following closing instruments which are not to be recorded and which are to be forwarded to the VA.

| CHECK ONE | DATE OF INSTRUMENT |
|---|---|
| ☐ NOTE | October 25, 1974 |
| | TO VA BY (Name) |
| ☐ BOND | Alfred A. Carrothers |
| ☒ INSTALLMENT CONTRACT | FACE AMOUNT: $12,700.00  INTEREST AT: 9½%  INTEREST FROM (Date): October 25, 1974 |

THE ABOVE NAMED PURCHASER HAS DELIVERED TO THE UNDERSIGNED SALES CLOSER THE FOLLOWING INSURANCE POLICIES:

THE UNDERSIGNED SALES CLOSER HAS DELIVERED TO THE ABOVE NAMED PURCHASER THE FOLLOWING PAPERS WHICH ARE NOT INTENDED FOR RECORD:

The undersigned sales closer hereby acknowledges the receipt from the purchaser herein of a deposit to be applied to the cost of recording the foregoing instruments which are to be recorded and of USIR stamps and required state stamps or recording taxes on such instruments. Any remaining balance is to be returned to said purchaser who agrees to pay to said sales closer any deficiency in the foregoing sum.

AMOUNT OF DEPOSIT: $

| DATE | SIGNATURES OF PURCHASER |
|---|---|
| October 25, 1974 | SIGNATURE OF PURCHASER: Alfred A. Carrothers |
| SIGNATURE OF VA SALES CLOSER | |
| Veterans Administration | |
| By: | |

REMARKS:
Sample to a Former Owner for use of his credit at VA Total Investment

Total Price         13,950.00
Down Payment         1,250.00
Land Contract Balance  12,700.00

VA # 2642889        $60.00
 #  3198542        $1,000.00
Total              $1,060.00
Down Payment        $1,250.00
                    ─────
                    $2,310.00   Applied to satisfy closing costs

| | TO BE COMPLETED BY VA AFTER SALES CLOSING | | |
|---|---|---|---|
| NAME OF SALES BROKER | BROKER'S COMMISSION | | DUE ON |
| | PERCENTAGE | AMOUNT DUE | ☐ CLOSING |
| Veterans Administration | -0- | % $ -0- | ☐ HALF ON CLOSING AND BALANCE WHEN 10% OF PURCHASE PRICE PAID IN |

THE ABOVE SALES CLOSING STATEMENT HAS BEEN REVIEWED AND FOUND TO BE IN ORDER.

| DATE | SIGNATURE OF CHIEF, PROPERTY MANAGEMENT SECTION |
|---|---|

# EXHIBIT 3

UNITED STATES DISTRICT COURT
	EASTERN DISTRICT OF MICHIGAN
	SOUTHERN DIVISION - DETROIT

AIMEE CARROTHERS, as Personal
Representative for the Estate of Alfred
Allonzo Carrothers, Deceased,

        Plaintiff,

                            Case No.
                            Hon:

U.S. DEPARTMENT OF VETERANS
AFFAIRS,

        Defendant.
_____

AIELLO & ASSOCIATES, P.L.L.C.
Aaron D. Geyer (P-39889)
Attorney for Plaintiff
32411 Mound Road
Warren, Michigan 48092
(586) 303-2211
_____

**AFFIDAVIT OF AIMEE CARROTHERS**

STATE OF TEXAS      )
                          ) ss
COUNTY OF HARRIS  )

        AIMEE CARROTHERS, being first duly sworn, states the following under penalty of perjury:

1. I am the granddaughter of Alfred Allonzo Carrothers, Deceased

2. I am the appointed Personal Representative for the Estate of Alfred A. Carrothers (Refer: In the matter of Alfred Carrothers, Oakland County Probate Court Case No. 2109-389071-DE, assigned to the Honorable Jennifer Callaghan).

1

3. Based on information and belief, my grandfather and his wife (Rosa Lee Carrothers, deceased) agreed to purchase the real property located at 608 Nebraska Avenue, Pontiac, Michigan 48341 from the United States Department of Veterans Affairs in 1967.

4. The property located at 608 Nebraska Avenue, Pontiac, Michigan is legally described as: Lot 201, Wilson Park Subdivision, Tax ID 19-05-204-021

5. My grandfather has had an interest in this property since March 1967.

6. According to the terms of a land sales contract dated October 23, 1974 between Alfred A. Carrothers and W.J. Driver, Administrator of Veterans Affairs, Alfred A. Carrothers agreed to pay a purchase price of $12,700.00 with interest at 9.5%.

7. The Land Contract was subsequently assigned to Alfred A. Carrothers only (an Assignment of Purchaser's Interest in Land Contract was recorded on June 23, 1980 in the Oakland County Register of Deeds (Liber 7807, Page 84)

8. Said Land Contract was paid in full.

9. Through an omission of the U.S. Department of Veterans Affairs, a deed was never recorded by the U.S. Department of Veterans Affairs with the Oakland County Register of Deeds.

10. For more than Fifty (50) years, the U.S. Department of Veterans Affairs has not asserted a claim of ownership of the real property.

11. For more than Fifty (50) years, Alfred A. Carrothers held himself out as the owner of the real property.

12. A recent title commitment for the property disclosed the assignment of the Land Contract to Alfred Carrothers but does not disclose the issuance of a Deed from the U.S. Department of Veterans Affairs after satisfaction of the Land Contract.

13. The failure of the U.S. Department of Veterans Affairs to execute and record a Deed has necessitated this Quiet Title action.

Dated: 7/23/25

Aimee Carrothers

Subscribed and sworn to before me, a Notary Public on 07/23/2025

ANTHONY LITTLE
Notary ID #132219945
My Commission Expires
October 22, 2027

3